By the Court :
Whether the judgment of the circuit court was justified by the facts which it found is the only question before us. The duties of the coroner are prescribed in section 1221 of the Revised Statutes: “When information is given to any coroner that the body of a person whose death is supposed to have been caused by violence, has been found within the county, he shall appear forthwith at the place where *310 such body is, shall issue subpoenas for such witnesses as he deems necessary, and administer to them tlm usual oath and proceed to inquire how the deceased came to his death, if by violence from any other person or persons, by whom, whether as principals or accessories before or after the fact, together with all the circumstances relating thereto: the testimony of the witnesses shall be reduced to writing and subscribed, and with the finding and recognizances hereinafter mentioned, if any, shall be by the coroner returned to the clerk of the common pleas court, and he shall, if he deems it necessary, cause the witnesses attending, as aforesaid, to enter into recognizances for their appearance at the succeeding term of the court of common pleas to give testimony concerning the matter aforesaid,” etc. Section 1222 provides for a finding of facts regarding “the subject of the inquiry to be made by the coronor, and that he shall cause the arrest of any person apparently guilty of causing death by violence.”
It is thus indicated that the inquest is intended to aid in the detection of crimes and in the punishment of those who perpetrate them. Construed with this purpose in view, and with reference to their natural meaning, the sense in which the words and phrases of the statute are used should not be the subject of serious doubt. A death “caused by violence” is a death caused by unlawful means, such as usually call for the punishment of those who employ them. A body “is found” within the county when it is ascertained by any means that it is within the county. “Death is supposed to have been caused by violence” whenever from such observation as he may be able to make, and from such information as may come to him, the coroner is for reasons of substance led to surmise or think that the death has been so caused. To hold that within the contemplation of the statute death cannot be supposed “to have been caused by violence” if persons other than the coroner may know *311 that it was so caused, would defeat the purpose of the statute, since murderers and their accomplices always know that the death of their victims were so caused.
It is the duty of the coroner to hold an inquest and to perform the other duties enjoined upon him by these sections of the statute whenever a dead body is found within his county and he knows or may reasonably believe that death was caused by unlawful means. For such services he is entitled to the compensation which the defendants propose to pay.
These conclusions are well supported in the opinion of Shearer, chief justice,- when disposing of this case in the circuit court, 15 C. C. Rep., 504; 8 C. D., 376.

Judgment affirmed.